MARK P. WINE (STATE BAR NO. 189897)
mwine@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street
Suite 1100
Irvine, California 92614-8255
Telephone: +1-949-567-6700
Facsimile: +1-949-567-6710

Attorneys for Plaintiff
PURELY DRIVEN PRODUCTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PURELY DRIVEN PRODUCTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CHILLOVINO, LLC, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR** <br><br> **1. DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT OR UNFAIR COMPETITION** <br><br> **2. DECLARATORY JUDGMENT OF PLAINTIFF'S RIGHT TO USE AND REGISTER THE MARK CHILLAVINO ON GOODS LISTED IN ITS FEDERAL TRADEMARK APPLICATION** <br><br> **DEMAND FOR JURY TRIAL** |

# INTRODUCTION

1. In this case, Plaintiff Purely Driven Products, LLC ("Purely Driven") seeks protection against a threat of trademark litigation by Defendant Chillovino, LLC ("Defendant" or "Chillovino"). Defendant seeks, without any legitimate basis, to prevent Purely Driven from registering and using its CHILLAVINO trademark to lawfully sell its products. Defendant has filed an Opposition Proceeding with the Trademark Trial and Appeal Board ("TTAB") in an attempt to block Purely Driven's senior rights to use and register the CHILLAVINO trademark with the U.S. Patent and Trademark Office ("USPTO"). Defendant also filed to register the mark CHILL'O, almost entirely encompassed within Purely Driven's CHILLAVINO mark, with the USPTO subsequent to Purely Driven's filing and publication of its CHILLAVINO trademark with the USPTO. Defendant's actions at the USPTO and TTAB, including claims invoking the language of trademark infringement and intent to deceive, have given Purely Driven a reasonable apprehension that Defendant will sue Purely Driven if Purely Driven continues to use and furthers to attempt to register its CHILLAVINO mark with the USPTO.

# NATURE OF THE ACTION

2. This action arises under the Trademark Act of 1946, 15 U.S.C. §1051 *et seq.* (as amended, the Lanham Act) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 -02. This is an action for declaratory judgment and relief for the purpose of questions of actual controversy between the parties and which seeks the remedies and relief provided in 28 U.S.C. §§ 2201-02 and 15 U.S.C. § 1051 *et seq.*

# PARTIES

3. Plaintiff Purely Driven Products, LLC is a limited liability company organized and existing under the laws of the State of Wyoming with a place of business at 30302 Esperanza, Rancho Santa Margarita, California, 92688.

1    4.    Upon information and belief, Defendant Chillovino, LLC is a limited liability company organized and existing under the laws of the State of Nevada with a place of business at 5076 Crooked Stick Way, Las Vegas, Nevada, 89113.

**JURISDICTION AND VENUE**

5.    Jurisdiction is proper in this court because this litigation arises under federal law, namely, the Lanham Act, 15 U.S.C. §§ 1051 *et seq*. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (trademarks), and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

6.    This Court has personal jurisdiction over Defendant Chillovino, LLC because Defendant, on information and belief, conducts business in the State of California and within this district, including the advertising and sale of its products and services through the Internet to California residents.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the claims alleged by Defendant arose and are continuing to occur in this District.

8.    An actual case or controversy has arisen between the parties. Defendant has invoked the language of trademark infringement and intent to deceive at the USPTO and TTAB, giving Purely Driven a reasonable apprehension of a threat of litigation, and claiming that Purely Driven's CHILLAVINO mark constitutes trademark infringement and deceptive intent. These statements threaten injury to Purely Driven.

**FACTUAL BACKGROUND**

**Purely Driven Products, LLC and its CHILLAVINO Mark**

9.    Purely Drive Products, LLC is an innovative producer and pending patent owner of a bottle display and chilling device for use with bottled beverages, including wines, spirits, and liqueurs. Purely Drive has been involved in the conception, creation, reduction to practice, and manufacture of such bottle display

1  and chilling devices under the mark CHILLAVINO (the "CHILLAVINO Mark")
2  since at least as early as June 5, 2014, the filing date of its application for federal
3  trademark registration of the CHILLAVINO Mark. In fact, Purely Driven
4  registered the domain name CHILLAVINO.COM on March 2, 2014.
5        10.    Purely Driven's CHILLAVINO Mark is distinctive and serves to
6  identify and indicate the source of Purely Driven's products to the consuming
7  public.
8        11.    Purely Driven heavily advertises and promotes its goods offered and to
9  be offered (under a bona fide intention) under the CHILLAVINO Mark, including
10 on its Facebook social medial webpage,
11 www.facebook.com/pages/ChillaVino/912405745441422, and its website
12 www.chillavino.com (which redirects to its Kickstarter campaign available at
13 https://www.kickstarter.com/projects/1151356616/chillavino-wines-new-best-
14 friend). As a result of these efforts and promotion, Purely Driven has developed
15 goodwill in its CHILLAVINO Mark since at least 2014.
16       12.    Purely Driven applied to register the CHILLAVINO Mark under the
17 name of the company owner, John Alphonse Iavarone, with the USPTO on June 5,
18 2014, at Application Serial No. 86/301,147, for use with bottle stands for displaying
19 bottles comprising a chilling device for chilling and maintaining bottle temperatures
20 in Class 21. The mark was published for opposition by the USPTO on November
21 11, 2014, and is currently under opposition by Defendant. The TSDR Printout of
22 Purely Driven's U.S. Trademark Application for the mark CHILLAVINO is
23 attached as *Exhibit A*.
24 **Chillovino, LLC's Activities That Create a Justiciable Controversy**
25       13.    On information and belief, Defendant currently offers for pre-order a
26 bottle stand and gel pack under the mark CHILL'O on a website hosted at the
27 domain name LACHILLO.COM, registered on April 1, 2015.
28       14.    On information and belief, Defendant formed and filed its entity

1. information documents for CHILLOVINO, LLC with the State of Nevada on July 9, 2014, at least a full month after Purely Driven filed its trademark application with the USPTO for the CHILLAVINO Mark (on June 5, 2014).

15. On information and belief, Defendant conducted a meeting with prospective investors to elicit financial support for its business and concepts for Chillovino in "Spring of 2014" according to Defendant's Notice of Opposition filed on March 11, 2015. Purely Driven registered the domain name CHILLAVINO.COM on March 2, 2014, in the winter of 2014.

16. On or about November 21, 2014, Defendant filed a trademark application on an intent to use basis for the mark CHILL'O with the USPTO, 10 days after publication for opposition of Purely Driven's CHILLAVINO trademark in the USPTO *Official Gazette*. The TSDR Printout of Defendant's U.S. Trademark Application for the mark CHILL'O is attached as *Exhibit B*.

17. On or about December 10, 2014, Defendant filed the maximum number of Requests for Extension of Time to Oppose Purely Driven's CHILLAVINO Mark when it published for opposition. On or about March 11, 2015, Defendant filed a Notice of Opposition against Purely Driven's CHILLAVINO Mark at U.S. Application Serial No. 86/301,147. Defendant's Notice of Opposition alleged that "Applicant's Mark is confusingly similar in sound, meaning, and appearance to Opposer's [Defendant's] name, CHILLOVINO, and its Mark, CHILL'O." The Notice of Opposition Defendant filed with the Trademark Trial and Appeal Board is attached as *Exhibit C*.

18. Defendant's Notice of Opposition alleged that "Applicant's application should not be granted because Applicant failed to satisfy the requirements of Trademark Act Section 2(a)," claiming deceptiveness and false suggestion of connection as grounds for the Section 2(a) allegations.

19. Defendant's Notice of Opposition alleged that Mr. Iavarone, the owner of Purely Driven Products, LLC and the applicant of the CHILLAVINO Mark, was

1  present in investor meetings held by Chillovino's owner in Spring 2014 during
2  which he heard "for the first time . . . of Chillovino or the concept."

3      20.    Defendant's Notice of Opposition alleged that Mr. Iavarone "decided to steal," the CHILLAVINO Mark "[r]ather than investing in CHILL'O, . . . cleverly substituting an 'a' for the first 'o' in Chillovino."

6      21.    Defendant's Notice of Opposition alleged that the CHILLAVINO Mark is "identical or nearly identical" to Defendant's company name and its CHILL'O mark.

9      22.    Defendant's Notice of Opposition alleged that "registration and use of the CHILLAVINO Mark would create confusion, mistake, or deception in the minds of prospective purchasers as to the origin or source" of Defendant's goods under its CHILL'O mark.

13      23.    Defendant's Notice of Opposition alleged that "Applicant's goods and/or services are closely related to or are in the natural zone of expansion of" Defendant's goods.

16      24.    Defendant's Notice of Opposition alleged that Defendant's goods "and Applicant's services and/or goods will travel in the same channels of trade and will be viewed by the same customers . . . [and] are therefore substantially similar to" Defendant's goods with which its mark is used.

20      25.    Defendant's Notice of Opposition alleged that purchasers familiar with Defendant's goods "are likely to mistakenly believe that that Applicant's goods and/or services are sponsored by, authorized, endorsed, affiliated with, or otherwise approved by the Opposer because the CHILLAVINO Mark sought to be registered and used by Applicant is identical to or confusingly similar" to Defendant's name.

25      26.    Defendant's Notice of Opposition alleged a prima facie case of trademark infringement against Purely Driven.

27  //
28  //

# FIRST CLAIM FOR RELIEF

**For Declaratory Judgment of No Trademark Infringement or Unfair Competition**

27. Paragraphs 1 through 26 are hereby incorporated by reference as if fully set forth herein.

28. Purely Driven denies that its use of the CHILLAVINO Mark violates whatever federal or state rights Defendant may have in CHILL'O or Chillovino.

29. Defendant has engaged in conduct that gives rise to a reasonable apprehension on the part of Purely Driven that it will face suit for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. §1114(1) and/or for unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) or the common law of unfair competition if Purely Driven continues its activities, including its advertising, promotion, fundraising, and sales of its bottle display and chilling device bearing the CHILLAVINO Mark.

30. Purely Driven's above-referenced activities do *not* infringe and do *not* constitute unfair competition of Defendant's purported trademark rights under 15 U.S.C. §1114(1) or §1125(a) under the Lanham Act.

31. Defendant is *not* entitled to injunctive relief or to any of the monetary remedies set forth in Section 35 of the Lanham Act, 15 U.S.C. §1117 (including but not limited to profits, damages, costs, or attorney's fees) for trademark infringement based on Purely Driven's use of its CHILLAVINO Mark in connection with advertising, promotion, fundraising, and sales of its bottle display and chilling device in the United States.

32. A justiciable controversy exists between Purely Driven and Defendant concerning Purely Driven's lawful advertising, promotion, fundraising, and sales of its bottle display and chilling device bearing the CHILLAVINO Mark.

# SECOND CLAIM FOR RELIEF

**For Declaratory Judgment of Plaintiff's Right to Use the CHILLAVINO Mark on Beverage Bottle Display and Chilling Devices**

33. Purely Driven repeats and realleges the allegations of paragraphs 1-32 of this Complaint as though fully set forth herein.

34. Purely Drive is entitled to a declaration that it may use and register the CHILLAVINO Mark in connection with beverage bottle display and chilling devices, and that Defendant is not entitled to enjoin or prevent such use or registration.

35. A justiciable controversy exists between Purely Driven and Defendant concerning Purely Driven's lawful advertising, promotion, fundraising, and sales of its bottle display and chilling device bearing the CHILLAVINO Mark in the United States.

## PRAYER FOR RELIEF

WHEREAS, Purely Driven Products, LLC requests that the Court declare and enter the following judgment:

1. In favor of Purely Driven Products, LLC declaring that Purely Driven's above-referenced conduct, including its advertising, promotion, fundraising, and sales of its bottle display and chilling device bearing the CHILLAVINO Mark in the United States, does not constitute trademark infringement under the Lanham Act §32, 15 U.S.C. §1114;

2. In favor of Purely Driven Products, LLC declaring that Purely Driven's above-referenced conduct, including its advertising, promotion, fundraising, and sales of its bottle display and chilling device bearing the CHILLAVINO Mark in the United States, does not constitute unfair competition, a false designation of origin, or false description under the Lanham Act §43(a), 15 U.S.C. §1125(a) or the common laws;

3. In favor of Purely Driven Products, LLC declaring that Purely Driven's above-referenced conduct, including its advertising, promotion,

1 fundraising, and sales of its bottle display and chilling device bearing the
2 CHILLAVINO Mark in the United States, has not caused irreparable harm to
3 Defendant;

4     4.    In favor of Purely Driven Products, LLC declaring that Purely
5 Driven's above-referenced conduct, including its advertising, promotion,
6 fundraising, and sales of its bottle display and chilling device bearing the
7 CHILLAVINO Mark in the United States, has not caused monetary damage to
8 Defendant.

9     5.    In favor of Purely Driven Products, LLC declaring that Purely Driven
10 is entitled to use and register the CHILLAVINO Mark for bottle display and
11 chilling devices, and that Defendant is not entitled to enjoin or prevent such use or
12 registration;

13     6.    In favor of Purely Driven Products, LLC and against Defendant on all
14 of Purely Driven's claims;

15     7.    Awarding Purely Driven its attorney's fees, costs, and expenses
16 pursuant to 15 U.S.C. §1117, this case being exceptional; and

17     8.    Awarding Purely Driven such other and further relief as the Court may
18 deem just and proper.

## JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38(b), Plaintiff Purely Driven Products, LLC demands a trial by jury on all issues triable by a jury.

| | | |
|---|---|---|
| 1 | Dated: June 18, 2015 | MARK P. WINE<br>Orrick, Herrington & Sutcliffe LLP |
| | | |
| | | By: /s/ Mark P. Wine<br>MARK P. WINE<br>Attorneys for Plaintiff<br>PURELY DRIVEN PRODUCTS, LLC |

OHSUSA:762380319.3     - 9 -     COMPLAINT